UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL FELICIANO, 05-A-3894,

        Plaintiff,

**REPORT AND RECOMMENDATION**

07-CV-352(A)(M)

KENNETH J. MACKAY, et al.,

        Defendants.

---

This action has been referred to me by order of Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §636(b)(1) (Dkt. #17). Before me is plaintiff's motion to strike certain of defendants' affirmative defenses (Dkt. #14). For the following reasons, I recommend that plaintiff's motion to strike be DENIED in part and GRANTED in part.[1]

## BACKGROUND

Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. §1983, alleging, *inter alia*, Eighth Amendment violations. (Dkt. #1). He alleges that on December 22, 2006, defendants CO Skelly, Mark C. Becker, and George Dalia jumped on him, punched him in the face and body, choked him, and attempted to break his fingers while he was restrained in his cell and that defendant Mackay remained outside the cell and failed to intervene (Dkt. #1). Plaintiff also alleges that from December 22, 2006 through January 22, 2007, he was placed on a cell

---

[1] "[Plaintiff's] motion to strike an affirmative defense is clearly 'dispositive of a . . . defense of a party.'" Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F.Supp.2d 109, 111 (S.D.N.Y. 2005).

shield order, which deprived him of fresh air, exercise, and showers (Dkt. #1). Defendants deny these allegations (Dkt. #8, ¶5) and have asserted fourteen affirmative defenses (Id. at ¶¶8-29).

Plaintiff moves to strike the following affirmative defenses: (first) failure to state a claim (Dkt. #8, ¶8); (fifth) lack of personal involvement (Id. at ¶14); (sixth) Eleventh Amendment immunity (Id. at ¶15); (seventh) failure to exhaust administrative remedies (Id. at ¶¶16-17); (tenth) §24 of the New York State Correction Law (Id. at ¶20); (eleventh) plaintiff's state law claims are barred by §24 of the Correction Law, §259-q of the Executive law, and the Eleventh Amendment (Id. at ¶21); (twelfth) to the extent that plaintiff has accumulated three or more "strikes" under the Prison Litigation Reform Act, he is barred from proceeding *in forma pauperis* (Id. at ¶¶22-23); (fourteenth) upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending (Id. at ¶¶25-29).

A. **Defendants' First, Fifth, Sixth, Tenth and Eleventh Affirmative Defenses**

Plaintiff alleges that defendants' first, fifth, sixth, tenth, and eleventh affirmative defenses should be stricken because his complaint has already passed the screening process required under 28 U.S.C. §1915(A)-(E) (Dkt. #14, ¶¶ 2,3,4,6).

"It is true that courts apply the same standard under §1915(A) as when addressing a motion to dismiss a complaint under Rule 12(b)(6) . . . for failure to state a claim. However, certain affirmative defenses like failure to exhaust administrative remedies as required under 42 U.S.C. §1997e(a) or qualified immunity may be argued in a motion to dismiss." Seabolt v. Champagne, 2006 WL 3192511, *2 (E.D. Wis. 2006).

Because plaintiff's complaint has passed the screening process under 28 U.S.C. §1915(A), I recommend plaintiff's motion to strike be granted to the extent that it seeks to

dismiss defendants' first affirmative alleging failure to state a cause of action. However, I recommend that plaintiff's motion to strike defendants' fifth, sixth, tenth, and eleventh affirmative defenses be denied.

B. **Defendants' Seventh, Twelfth, and Fourteenth Affirmative Defenses**

Plaintiff alleges that defendants' seventh affirmative defense is legally insufficient because he did exhaust his administrative remedies (Dkt. #14, ¶5). Plaintiff argues that defendants' twelfth affirmative defense is legally insufficient because the current action is the only action he has brought in federal court (Id. at ¶7). Further, plaintiff alleges that defendants' fourteenth affirmative defense is legally insufficient because he has no outstanding restitution orders and because he is not allowed to contact his victims (Id. at ¶¶8,10).

"Motions to strike affirmative defenses under 'Rule 12(f) for legal insufficiency are generally disfavored and if there are questions of fact or disputed questions of law, the motion should be denied.' To prevail on this motion, [plaintiff] must demonstrate that (1) there exists no question of fact upon which the defense could succeed, (2) there exists no question of law upon which the defense could succeed, and (3) [plaintiff] would be prejudiced by inclusion of the defense. Determination of the sufficiency of an affirmative defense before any opportunity for significant discovery has been afforded is particularly inappropriate.' " Williams v. Fischer, 2008 WL 5234297, *1 (N.D.N.Y. 2008).

Because the parties in this case have conducted minimal discovery and plaintiff has failed to establish that there "exists no question of fact upon which the[se] defense[s] could succeed", I recommend that plaintiff's motion to strike defendants' seventh, twelfth, and fourteenth affirmative defenses be denied.

SO ORDERED.

DATED: January 30, 2009

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge